JAMES HUNTER, III, Circuit Judge,
concurring:
I concur in the majority’s conclusion that Montello’s demand was effective upon its dispatch using a commercially reasonable form of communication, and I join the majority in ordering a remand to the district court for consideration of the good faith purchaser defense.
I also share the majority’s perception that a desire to foster “commercial certainty” is the only element of Congressional intent that can be definitively gleaned from the legislative history of section 546(c). I am not as concerned as the majority, however, about potential problems with the meaning of “receipt” in particular cases. Rather, I am convinced that certainty and reasonable commercial practices can best be achieved by conditioning a seller’s common law right of reclamation upon the dispatch of a demand notice within ten days. The alternative rule would subject sellers, already constrained by the ten-day timeliness requirement, to the vagaries and uncertainties of the various modes of communication available to a commercially reasonable businessperson. Section 546(c) should be interpreted to protect the seller that satisfies its two-fold duty of selecting a commercially reasonable form of communication and transmitting a clear reclamation demand “before ten days after receipt of such goods by the debtor[.]”
Accordingly, I concur in the majority’s decision.